■ In the Matter of ERNESTO M., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated April 11, 1977, which, upon adjudicating appellant a juvenile delinquent, placed him on probation for a period of six months. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing in accordance herewith. At dusk on October 17, 1976, police officers arrived at a certain address in response to a radio alarm. They observed appellant standing sideways in front of a grocery store displaying an object in his hand to another youth. As appellant observed the police, he suddenly turned around with his back towards the officers, appeared to place something in the waistband of his pants and then quickly zippered his jacket. Officer Sperazza asked him what he had in his jacket. Appellant did not answer. Sperazza asked appellant to unzip his jacket. Appellant complied revealing a loaded .22 caliber pistol in his waistband. Although the 15-year-old appellant had no prior record, this was not known to the arriving police officers. The Family Court denied appellant's application for a *voir dire* "to determine whether or not there was probable cause or reasonable suspicion for the stop and frisk arrest" and "whether or not there was a knowing, voluntary

waiver to be searched." We are constrained to reverse and order a new hearing because of the Family Court's denial of appellant's request for a *voir dire* (see *Matter of Victor B.,* 54 AD2d 733). We note that with commendable candor, the Corporation Counsel concedes that this matter should be remanded to the Family Court for a *voir dire* on the legality of the discovery of the gun in question. Appellant having been charged with being a juvenile delinquent as a result of his possession of a loaded gun, we find no merit to his contention that by virtue of the expiration of the six-month period of probation on which he was placed, the petition should be dismissed (see *People v Allen,* 39 NY2d 916, which distinguished *People v Kvalheim,* 17 NY2d 510). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.