■ In the Matter of GEORGE V., a Person Alleged to be a Juvenile Delinquent, Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County (Gartenstein, J.), dated August 2, 1982, which, after a hearing, adjudicated appellant a juvenile delinquent, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, and placed him on probation for 18 months. The appeal brings up for review a fact-finding determination of the same court, dated July 12, 1982. ¶ Order reversed, on the law, without costs or disbursements, fact-finding determination vacated, and proceeding remitted to the Family Court, Queens County, for further proceedings in accordance herewith. ¶ Appellant was arrested after a police officer reached into appellant's coat pocket and pulled out a gun. Another person was arrested during the same incident, but was charged with different crimes. At the fact-finding hearing, appellant's attorney requested a *voir dire* of the officer to determine whether the arrest and search were legal and whether the gun was inadmissible evidence. The court refused this request stating that a motion to suppress the evidence should have been made prior to the hearing. ¶ Subdivisions 1 and 3 of section 330.2 of the Family Court Act require that motions to suppress evidence be made and be heard prior to any fact-finding hearing. A failure to move to suppress evidence before a fact-finding hearing will be deemed a waiver of that issue (Family Ct Act, § 330.2, subd 7). However, the effective date of this revised law was July 1, 1983 (see L 1982, ch 920, § 82). Since the instant case was concluded prior to the effective date of the statute, the statute does not apply (Family Ct Act, § 301.3). The common Family Court practice before the statute went into effect was to allow the conducting of a *voir dire* during the fact-finding hearing, in lieu of a motion to suppress (see Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 330.2, p 412), and a refusal to allow a *voir dire* on the question of suppression of evidence during a juvenile delinquency proceeding was considered reversible error (*Matter of Ernesto M.*, 65 AD2d 800; *Matter of Victor B.*, 54 AD2d 733; *Matter of Robert P.*, 40 AD2d 638). Accordingly, the fact-finding determination must be vacated and the case remitted to Family Court for a new fact-finding hearing. In light of the afore-mentioned newly enacted law, however, a hearing should be conducted prior to the fact-finding hearing, in order to determine whether the gun was properly seized and whether it should be suppressed as evidence. ¶ We additionally note that the court erred in summarily denying appellant's request to direct the prosecution to turn over, for the purpose of cross-examination, the transcript of the arresting officer's testimony before a Grand Jury concerning the person arrested with appellant

(CPL 240.45; *People v Rosario,* 9 NY2d 286, cert den 368 US 866). The court should inspect the officer's Grand Jury testimony *in camera* and relinquish to appellant any material found not to be cumulative or irrelevant (*People v Poole,* 48 NY2d 144; *People v Walton,* 89 AD2d 611). Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.