In the Matter of RODNEY J., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, May 9, 1985

### APPEARANCES OF COUNSEL

*Gillian Sacks* of counsel (*Stephen J. McGrath* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for Corporation Counsel of the City of New York, petitioner.

*John F. McGlynn* of counsel (*Lenore Gittis,* attorney), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

On October 27, 1983, the Corporation Counsel of the City of New York, an authorized presentment agency, filed a delinquency petition in Family Court, New York County, against the 15-year-old respondent, Rodney J., alleging, upon information and belief, that, in concert with another, he committed acts which, had he been an adult, would constitute the crimes of robbery in the second degree (Penal Law § 160.10 [1]), robbery in the third degree (Penal Law § 160.05) and grand larceny in the third degree (Penal Law § 155.30 [5]). Arraigned that same day, respondent pleaded not guilty and was, the following day, paroled to his mother's custody.

Annexed to the petition, in support thereof, was the deposition of the arresting officer, Detective Sabatel of the Transit Authority Police Department, who stated that he took respondent into

custody on the complaint of Genera Valdes, who had a chain snatched from her on October 5, 1983, at about 12:00 noon, at the Canal Street subway station. In his deposition Detective Sabatel further stated, "Respondent made oral and written statements". Annexed to Detective Sabatel's deposition was respondent's signed handwritten statement, made on October 6, 1983, when he was originally arrested on these charges, in which he admitted snatching a chain from a Puerto Rican lady, approximately 36 years of age, at about 12:30 P.M. on October 5, 1983 on "Canal". Simultaneously with the filing of the petition, the Corporation Counsel served and filed a voluntary disclosure form which acknowledged that the only known witness, the victim, Ms. Valdes, who was actually 50 years old, had been unable to identify respondent from a photograph array which included his picture. No other supporting deposition was filed with the petition.

On December 1, 1983, respondent moved for, *inter alia,* dismissal of the proceeding for legal insufficiency, arguing that since the petition was supported only by Detective Sabatel's hearsay deposition, it failed to meet the requirement of Family Court Act § 311.2 (3) that every element of the crime charged and the respondent's commission thereof be established by non-hearsay allegations in the factual part of the petition or of any supporting depositions. Specifically, respondent cited the absence of a nonhearsay supporting deposition by the victim. As part of its answering papers filed on December 8, 1983, the Corporation Counsel included the complaining witness' "supporting deposition", which was, in fact, an October 30, 1983 statement of Ms. Valdes countersigned by Detective Sabatel, who had placed his notary public stamp under his signature.[1] In her statement, Ms. Valdes asserted that on October 5, 1983, at about noontime, at the Canal Street subway station, a black male, whom she described as 17 years of age with a small Afro hair style and wearing a blue jacket with white stripes, forcibly removed her necklace.

The court (Eastman, J.), found the petition deficient because respondent's statement, upon which it was based, did not qualify as a supporting deposition pursuant to the requirements of

---

1. While the copy of the originally filed statement contained Detective Sabatel's signature, it is not clear whether his notary public stamp was affixed thereto. In subsequently filed papers, an additional copy of the same statement showed that Detective Sabatel's notary public stamp had been placed directly under his signature. In referring to the originally filed statement, the Corporation Counsel stated that Ms. Valdes' "signed notarized statement * * * has been supplied [to] the court and the law guardian."

Family Court Act § 311.2. The court further found that until the statement's validity had been tested, it could not be used in support of the petition. Finding the failure to file a sufficient nonhearsay corroborating affidavit to be a correctible error of form, the court denied the motion to dismiss, without prejudice to renewal should the Corporation Counsel fail to file the required affidavit. The court thereafter granted reargument but adhered to its original determination (122 Misc 2d 836), reiterating its finding that respondent's unsworn written statement did not qualify as a supporting deposition within the meaning of Family Court Act § 311.2. Accordingly, it granted respondent's request to strike his statement from the petition.

When the matter appeared on the calendar two weeks later the Corporation Counsel, in accordance with the court's original ruling providing therefor, filed copies, in both Spanish and English, of Ms. Valdes' statement, sworn to on February 11, 1984, which was, in essence, identical to her earlier statement. Although conceding that Ms. Valdes had failed to name respondent as the person who committed the acts alleged in the petition because she was unable to identify the perpetrator, the Assistant Corporation Counsel urged that the statement, when taken together with respondent's admission, was sufficient to support the petition. Under constraint of the prior order striking respondent's statement, the court (Kaplan, J.), dismissed the petition as defective since the factual part of the petition and the supporting depositions failed to connect respondent to the crimes charged. We reverse and reinstate the petition.

Family Court Act § 311.2, which established a standard to measure the legal sufficiency of a petition in a juvenile delinquency proceeding, requires that the petition and any supporting depositions, taken together, establish the crimes charged and provide reasonable cause to believe that the respondent committed them. Every element of the crimes charged and the respondent's commission thereof must be established by nonhearsay allegations. Since the allegations contained in the petition and any supporting depositions represent the only formal statement of charges against an accused juvenile, the requirement of Family Court Act § 311.2 that the petition be based on competent legal evidence should be strictly observed. (*See, People v James,* 4 NY2d 482, 486.)

Family Court Act § 311.2 is substantially identical to CPL 100.40 (1), which sets forth the sufficiency requirements of a local criminal court accusatory instrument, and which, prior to the enactment of Family Court Act § 311.2, was held to be

applicable to delinquency petitions. (*See, e.g., Matter of Isaac W.,* 89 AD2d 831, 832.) Moreover, although the CPL does not apply to delinquency proceedings unless specifically prescribed by the Family Court Act, judicial interpretations of appropriate provisions of the CPL may be considered "to the extent that such interpretations may assist the court in interpreting similar provisions of [the Family Court Act]." (Family Ct Act § 303.1 [2].)

■ Hearsay, as that term is used in the CPL, has been construed to mean only hearsay which is not admissible at trial. (*People v Fields,* 74 Misc 2d 109; *also, People v Conoscenti,* 83 Misc 2d 842, 844.) Unless Family Court Act § 311.2 is similarly construed, courts, as the court in *Fields* aptly noted, would be confronted with "the absurd result" that the rules of evidence as applied to an information are more stringent than those applicable to trials and hearings (74 Misc 2d, at p 111). Respondent's statement, which is an express acknowledgement of guilt, is admissible as a confession, unless it was "involuntarily made", that is, coerced or obtained in violation of respondent's rights under the State or Federal Constitution. (Family Ct Act § 344.2.) Thus, the deposition of Detective Sabatel, stating on personal knowledge that respondent made oral and written statements and to which respondent's signed written statement — a confession to the crimes charged — was, in fact, attached, as alleged, constituted a nonhearsay supporting deposition. Likewise, the express incorporation of respondent's statement into Detective Sabatel's sworn deposition mutes any argument that the statement, being unsworn, could not qualify as a supporting deposition.

Furthermore, contrary to Family Court's view, the sufficiency of Detective Sabatel's deposition is unaffected by the possibility that respondent's confession might ultimately be suppressed. Courts have consistently sustained indictments founded upon evidence subsequently held to be inadmissible. For example, in *People v Oakley* (28 NY2d 309), the court held that an indictment is not rendered infirm because the identification testimony before the Grand Jury was based on an inadmissible suggestive identification of the defendant. The court reasoned that if after trial no reliable identification or other evidence of guilt were presented, the defendant would be acquitted anyway, by direction of a verdict, if necessary; if, however, there were sufficient evidence, it would not matter how the trial proof compared with the evidence before the Grand Jury. "It would suffice that the indictment had performed its office and had been obtained on what was at the time prima facie legally competent evidence

rendered inadmissible only by subsequent challenge and other proof" (*supra,* at p 313). In *People v Mauceri* (74 AD2d 833), the *Oakley* rationale was extended to an indictment based upon a subsequently suppressed confession. (*See also, People v Vega,* 80 AD2d 867 [the defendant's statements and physical evidence, subsequently suppressed, were nonetheless prima facie competent to support the indictment]; *People v Brewster,* 100 AD2d 134 [*Oakley* rationale applied to indictment based upon inadmissible photographic identification].)

█ Moreover, Family Court's holding that a juvenile's statement may not be used to support a delinquency petition unless it is first determined to be admissible fails to take into account the absence of statutory provision or legal precedent for a prepetition suppression hearing. In fact, the court would be without jurisdiction even to consider the question of the statement's admissibility, since, pursuant to Family Court Act § 310.1 (1), jurisdiction is not conferred on the Family Court until a petition is filed. Thus, it was error to strike respondent's statement from the petition.

Respondent argues that, even if his statement is considered nonhearsay for purposes of Family Court Act § 311.2 and was properly annexed to the petition, the petition is still deficient on its face because an uncorroborated confession cannot serve as its sole support. Unlike the CPL, which, since an amendment effective April 5, 1983 (L 1983, ch 28, § 1), requires that the evidence supporting an indictment contain the corroboration required by law to sustain a conviction (CPL 190.65 [1] [a]),[2] the Family Court Act does not expressly provide that the requisite corroboration appear in the petition or supporting depositions. Apparently, the 1983 amendment to CPL 190.65 (1) (a) was enacted to eliminate the uncertainty created by several Appellate Division decisions as to whether corroboration was a necessary prerequisite for indictment where the evidence otherwise met the standard set forth in CPL 190.65 (1). The First Department (*People v King,* 48 AD2d 457, 459) and Second Department (*People v Clarkson,* 50 AD2d 903, 904) had held that it was not while the Third Department (*see, People v Laws,* 54 AD2d 518, 519) had held that it was. (*See also, People v Pawley,* 71 AD2d 307.)

---

**2.** CPL 190.65 (1) (a) states that "a grand jury may indict a person for an offense when * * * the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent".

■ In any event, the Family Court Act, which requires proof beyond a reasonable doubt to support a determination, made after a fact-finding hearing, that a respondent committed an act (§ 342.2 [2], formerly § 744 [b]), provides that a respondent's uncorroborated out-of-court confession is not sufficient to meet that standard (§ 344.2 [3]). In interpreting this requirement, the Court of Appeals has held, "An out-of-court confession that is corroborated by evidence that the crime occurred is sufficient to sustain a determination that a youth is a juvenile delinquent, notwithstanding the absence of independent evidence directly linking the youth to the criminal act." (*Matter of Carmelo E.*, 57 NY2d 431, 433.) Despite the lack of an express statutory requirement that a Family Court petition or any supporting deposition set forth the corroboration necessary to sustain a conviction, we conclude that the requisite corroboration of an out-of-court confession must be alleged in a Family Court delinquency petition or the supporting depositions since these documents represent the only formal statement of charges against a respondent and should be based on competent legal evidence sufficient to establish, if believed, that the respondent committed the acts charged. This view is consistent with the modern trend to afford juvenile offenders the same procedural safeguards afforded their adult counterparts. (*See generally, Matter of Carmelo E., supra,* at pp 435-437.)

Neither the petition nor Detective Sabatel's supporting deposition contains nonhearsay allegations corroborating the occurrence of the crime. In his deposition, Detective Sabatel, in form classically hearsay, merely alleged that respondent had been taken into custody on the complaint of Ms. Valdes, who, at the time and place indicated, stated that she had been the victim of a chain snatch. That synopsis of the incident, however, was shortly thereafter, at least by December 8, 1983, supported by Ms. Valdes' filed statement, which, signed before a notary public and referred to as a supporting deposition in the Corporation Counsel's answer to the motion to dismiss, corroborated the crime. Thus, by that date, the petition, originally supported by nonhearsay allegations as to every element of the crime, was corroborated by a nonhearsay account of the crime's occurrence. Even if Ms. Valdes' October 27, 1983 affidavit be considered as defective in form because of the absence of a jurat, that deficiency was cured by the filing of a properly executed affidavit, virtually identical to her originally filed affidavit, on February 11, 1984.

Respondent argues that Ms. Valdes' subsequently filed affidavit cannot be considered a supporting deposition because it was

not filed with the petition. The Family Court Act does not contain a definition of "supporting deposition" but CPL 100.20 does. While not controlling and insofar as is relevant, it defines the term as "a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary nature * * * which supplement those of the accusatory instrument and support or tend to support the charge or charges therein." We find this definition to be a useful guideline in determining whether an affidavit must be filed simultaneously with a petition to qualify as a supporting deposition and decide that it does not. CPL 100.20 is satisfied as long as the instrument is filed "in connection with" an information. Thus, although not filed simultaneously therewith, Ms. Valdes' statement nevertheless qualifies as a supporting deposition since it was filed in support of the petition and supplements its allegations. Nor is Ms. Valdes disqualified from submitting a supporting deposition since she is not the complainant of the accusatory instrument, i.e., the petition. The Corporation Counsel is. (*See,* CPL 100.15 [1].)

■ Finally, respondent contends that the December 8, 1983 filing of Ms. Valdes' affidavit constitutes an unauthorized amendment of the petition in violation of Family Court Act § 311.5, which sanctions the amendment of a petition to cure "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like" (subd [1]), but prohibits amendment "for the purpose of curing * * * legal insufficiency of the factual allegations" (subd 2 [b]). In our view, however, this section is not violated by the filing of a complaining witness' corroborating affidavit in response to a motion to dismiss for factual insufficiency (*see, People v Grosunor,* 109 Misc 2d 663; *see also, Matter of Cecilia C.,* 124 Misc 2d 536), especially where, as here, the petition, as originally drawn, contained the requisite corroboration, albeit in hearsay form. In such circumstances, the supporting deposition is not introducing new matter or evidence, but, rather, restating the same allegations in competent form.

Accordingly, the order of the Family Court, New York County (Kaplan, J.), dated February 16, 1984, dismissing the petition, should be reversed, on the law, without costs or disbursements, and the petition reinstated.

KUPFERMAN, J. P., SANDLER and BLOOM, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on or about February 16, 1984, unanimously reversed, on the law, without costs and without disbursements, and the petition reinstated.