■ In the Matter of RUSSELL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, appeals are from (1) a fact-finding order of the Family Court, Westchester County (Bellatoni, J.), dated April 23, 1987, finding that the appellant had committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the seventh degree, and (2) an order of disposition of the same court, also dated April 23, 1987, which, upon the fact-finding order, placed the appellant with the New York State Division for Youth, Title III for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements; and it is further,

Ordered that the dispositional order is reversed, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

At about 7:00 P.M. on December 12, 1985, two uniformed police officers on foot patrol in the City of Mount Vernon observed the appellant at the corner of South Tenth Avenue and Third Street. He was handing a man a small vial contain-

ing a white substance. When the appellant saw the police officers he dropped the vial to the ground. One police officer picked up the vial and saw that it contained a white substance. The appellant was arrested, and, in the course of a search subsequent to his arrest, the police discovered five similar vials on his person. Laboratory tests revealed that cocaine was present in one vial, and preliminary tests indicated that it might have been present in the other five vials.

On February 18, 1986, the Westchester County Attorney filed a petition accusing the appellant of having committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third and seventh degrees. Appended to the petition was a report prepared by a third person which allegedly described what the police officers witnessed and what they confiscated from the appellant. Neither police officer swore to the accuracy of the report. It was pure hearsay, and as such would not be admissible into evidence in court (see, Matter of Rodney J., 108 AD2d 307, 311). Assuming that the nonhearsay portions of the petition and its supporting documents are true, they would not prove every element of the crimes charged and that they were committed by the appellant (see, Family Ct Act § 311.2 [3]). Thus the petition must be dismissed (see, Family Ct Act § 315.1).

Even if the petition were legally sufficient, we would still be compelled to dismiss it because the appellant's right to a speedy trial was violated. The appellant initially appeared on March 5, 1986, and was placed in detention where he remained until May 13, 1986. Since the more serious, albeit subsequently dismissed, count of the petition charged him with conduct which, if committed by an adult, would have constituted a class B felony, the fact-finding hearing should have commenced no more than 14 days after March 5, 1986, unless good cause or special circumstances justified delay (Family Ct Act § 340.1; Matter of Frank C., 70 NY2d 408). A fact-finding hearing did not commence until October 15, 1987, 224 days after the appellant's initial appearance. We conclude that such delay was unwarranted. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.