OPINION OF THE COURT
Peter J. Benitez, J.
The defendant was originally charged with the felonies of unauthorized practice of a profession in violation of Education *383 Law § 6512 (1) and (2). In essence, defendant was charged with practicing and aiding and abetting others to practice massage without being licensed to do so under the Education Law. Each of these two counts was later reduced on motion of the People to an attempt to commit the crime of unauthorized practice of a profession, a class A misdemeanor.
Defendant moves to dismiss the information on several grounds. First, defendant argues that the Education Law precludes the District Attorney from commencing a prosecution under these sections where the conduct alleged has not been first reported to the State Department of Education for that Department’s investigation and referral to the Attorney-General of the State for prosecution. Second, defendant moves to dismiss the information arguing that it is legally insufficient in that it contains uncorroborated allegations of admissions of the defendant to establish the element of the offense that the defendant was unlicensed or the others aided were unlicensed. Finally, defendant moves to dismiss the information pursuant to CPL 30.30, on the grounds that the People have not announced their readiness for trial within 180 days of the commencement of the criminal action.

Defendant’s Motion that the District Attorney is Barred from Prosecuting the Instant Case

Defendant’s motion to dismiss, alleging that, by virtue of the Education Law, the District Attorney does not have the authority to prosecute the offenses charged without having first referred the allegations to the State Department of Education for an investigation by that Department, presents a case of first impression. No decisional authority on this issue is cited by defendant or the People, nor has any been found by this court.
State Education Law § 6514 (1) and (2) provide:
"(1) All alleged violations of sections [6512] or [6513] of this article shall be reported to the department [of Education] which shall cause an investigation to be instituted. If the investigation substantiates that violations exist, such violations shall be reported to the attorney general with a request for prosecution.
"(2) The attorney general shall prosecute such alleged offenses in the name of the state, provided, however, in the event of alleged violations of article [155] of this title [the practice of *384 the profession of massage] occurring in cities with a population of one million or more, [the] district attorney may prosecute such alleged offenses in the name of the state”.
Defendant does not challenge the jurisdiction of the District Attorney to prosecute this case. Rather, defendant argues that the allegations were not referred to the Education Department for its investigation prior to the District Attorney commencing the prosecution, and, therefore, such constitutes a bar to the prosecution. The People concede that the allegations were not referred to the Education Department prior to the commencement of the prosecution.
It is this court’s view that, in the absence of a specific statutory provision limiting the authority of a prosecutor to prosecute an offense, a prosecutor is not barred from prosecuting an offense occurring within his jurisdiction. While Education Law § 6514 requires a referral to the Education Department, it does not provide that noncompliance with that mandate bars prosecution by the Attorney-General or District Attorney. Had the Legislature intended to bar prosecutions that had not been preceded by an investigation by the Education Department, it would have specifically provided so. The referral provision appears intended to provide a mechanism for requiring the Education Department to investigate allegations of unlicensed practice of a profession when such allegations are referred to it. However, the District Attorney is not precluded from investigating such an allegation on his own initiative.
Education Law § 6514 (2) clearly authorizes the District Attorney to prosecute the offenses charged here, as New York City is a city having a population of over 1,000,000 persons. The absence of a referral of the allegations to the Education Department does not constitute a bar to the prosecution. Accordingly, defendant’s motion to dismiss is denied.

Defendant’s Motion to Dismiss Alleging Facial Insufficiency

Before addressing defendant’s claim that the information is legally insufficient in that it contains insufficient allegations of the lack of a license to engage in the practice of massage, this court observes that as to the second count, an attempt to commit the crime of unauthorized practice of a profession in violation of Education Law § 6512 (2), the accusatory instrument fails to allege facts constituting that offense. Education *385 Law §6512 (2) provides that a person violates that section when he or she "aids or abets three or more unlicensed persons to practice a profession or employs or holds such unlicensed persons out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts”. In this case, the accusatory instrument alleges that the defendant held two other persons out as being able to perform a massage. Accordingly, as the instrument only alleges that the defendant held out two persons, not the statutorily required three, as being able to engage in the profession, the second count of the information must be dismissed.
Defendant argues that the information is not sufficient on its face and is, therefore, defective as it does not contain a supporting deposition from the New York State Department of Education attesting to the fact that defendant or those she aided or abetted to attempt to engage in the practice of massage were unlicensed. The only allegations in the information concerning the lack of a license are the following allegations: "Deponent [police officer] is informed by defendant that she has no license to practice massage [and] deponent observed no Department of Education license to practice massage posted at the above premises, and neither defendant nor [other person held out as able to perform the massage] produced one.”
To be legally sufficient, a misdemeanor information and any supporting depositions filed therewith must set forth nonhearsay allegations of facts which "establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133, 136 [1987].)
Two significant issues are presented in this case by defendant’s motion to dismiss the information. First, if an element of the offense is based on defendant’s admission, does such constitute a "non-hearsay” allegation of fact. Second, does the corroboration requirement of CPL 60.50 relating to required corroboration of admissions apply to the legal sufficiency of informations. This court holds that a confession is a "non-hearsay” allegation of fact and that the confession must be corroborated in an information for that information to be legally sufficient.
The "non-hearsay” requirement of CPL 100.40 has been construed to mean any evidence that would be admissible at trial even though such admissibility is subject to challenge by means of pretrial motions. (People v Alvarez, 141 Misc 2d 686 *386 [Crim Ct, NY County 1988] and cases cited therein; People v Kaminiski, 143 Misc 2d 1089 [Crim Ct, NY County 1989].) The Appellate Division, First Department, in effect, approved of this interpretation in Matter of Rodney J. (108 AD2d 307, 311 [1st Dept 1985]), when it held that an allegation in a delinquency petition setting forth the defendant’s admission was a nonhearsay allegation of fact. In reaching this conclusion, the court noted that the Family Court Act provided, at section 303.1 (2), that judicial interpretations of appropriate provisions of the CPL could be used to interpret similar provisions of that Act. As Family Court Act § 311.2 was identical to CPL 100.40 in requiring allegations of legally sufficient evidence in a delinquency petition as is required for informations, the court, citing decisions of the Criminal Court interpreting CPL 100.40 to permit allegations of admissions by a defendant to satisfy the requirement of legal sufficiency, similarly interpreted the Family Court Act. (See, Matter of Rodney J., supra, at 311.) Based on the cases cited with approval by the Appellate Division, it is this court’s holding that an admission of a defendant alleged in an information or its supporting depositions is a nonhearsay allegation and that the facts admitted to in such statement may satisfy, if legally sufficient, the requirements of CPL 100.40.
Accordingly, in the instant case, this court finds that the allegation of defendant’s admission that she did not possess a license to practice massage is a nonhearsay allegation of fact supporting one element of the offense of an attempt to commit the offense of a violation of Education Law § 6512 (1), the element that the defendant be a person not authorized to practice the profession of massage. Before addressing the other elements of this offense, this court must rule on yet a further issue concerning the use of admissions in an information. While this court has ruled that a defendant’s admission may be alleged in an information to satisfy the requirement that the instrument contain nonhearsay allegations of fact establishing the elements of the offense, it must determine whether an information containing an admission, to be legally sufficient, must contain allegations of fact satisfying the requirement of CPL 60.50 that an admission be corroborated by independent proof that the offense was committed.
CPL 100.40 defines a legally sufficient information. That section requires that the nonhearsay allegations of fact "establish * * * every element of the offense charged”. In People v Alejandro (70 NY2d 133, 136, supra), the court held that this *387 concept of legal sufficiency required allegations of fact constituting a "prima facie” case. A "prima facie” case is defined by CPL 70.10 which provides, in part, that evidence establishing every element of an offense charged and the defendant’s commission thereof "is not legally sufficient when corroboration required by law is absent.” Yet, CPL 60.50, by its terms, is clearly limited to proof required to convict. This limitation was recognized by the Appellate Division of the First and Second Departments, which had held that evidence of an admission before a Grand Jury did not have to be corroborated pursuant to CPL 60.50 to be "legally sufficient” under CPL 190.65. The Legislature resolved the conflict between various Appellate Divisions on this issue in 1983 when it amended the Grand Jury article of the CPL to require that when corroboration was required to convict it was required before the Grand Jury before an indictment could be voted. (See, CPL 190.65 [1], as amended by L 1983, ch 28, § 1.) Although the Legislature did not, at the same time, amend the law to require that the corroboration requirement of CPL 60.50 apply to the legal sufficiency of the contents of an information, the Appellate Division, First Department, held, in 1985 in Matter of Rodney J. (108 AD2d 307, 313, supra) that, while the Family Court Act did not require that a delinquency petition’s allegation of the juvenile’s admission be corroborated for the petition to be legally sufficient, the court was requiring such. The court reasoned that, as corroboration of an admission was required by Family Court Act § 344.2 (3) for a final finding of delinquency, the instrument on which the juvenile is prosecuted should contain allegations of fact establishing that corroborative evidence. The court held as follows: "Despite the lack of an express statutory requirement that a Family Court petition or any supporting deposition set forth the corroboration necessary to sustain a conviction, we conclude that the requisite corroboration of an out-of-court confession must be alleged in a Family Court delinquency petition or the supporting depositions since these documents represent the only formal statement of charges against a respondent and should be based on competent legal evidence sufficient to establish, if believed, that the respondent committed the acts charged. This view is consistent with the modem trend to afford juvenile offenders the same procedural safeguards afforded their adult counterparts.” (Matter of Rodney J., supra, at 313.)
CPL 60.50 requires the same corroboration for a conviction *388 in prosecutions of adults as does Family Court Act § 344.2 (3) for findings of delinquency of juveniles. Accordingly, although there is no express statutory requirement that informations or their supporting depositions contain an allegation of such corroborative evidence for an information to be legally sufficient, the reasoning of the Appellate Division in Matter of Rodney J. (supra), requires that this court impose such a requirement. This same conclusion was reached in two other reported decisions of the Criminal Court where the identical issue was presented, People v Alvarez (141 Misc 2d 686, supra) and People v Kaminiski (143 Misc 2d 1089, supra).
Accordingly, applying the corroboration requirement of CPL 60.50 to the information in the instant case, this court determines that the information does allege facts independent of the defendant’s admissions which prove that the offense charged, an attempt to commit the offense of a violation of section 6512 (1) of the Education Law, was committed. In particular, the accusatory instrument alleges that no license to practice massage was posted at the premises and that the defendant did not produce such a license. This allegation, while not conclusively establishing that the defendant was unlicensed, as she could have had a license even though it was not displayed or produced, is sufficient to satisfy the corroboration requirement of CPL 60.50. (See, People v Booden, 69 NY2d 185 [1987]; People v Cuozzo, 292 NY 85.)
With respect to the other elements of the offense, this court construes Education Law § 6512 (1) to require both that the defendant be a person not authorized to practice massage and that the person she aided or abetted also be unlicensed. The only allegation concerning whether the person that defendant offered to have give the deponent police officer a massage was licensed is the allegation that "no Department of Education license to practice massage was posted at the above premises and neither defendant nor [the person held out as being able to perform the massage] produced one.” While the failure to produce a license provides reasonable cause that the person was not licensed and satisfies CPL 100.40 (4) (b), it does not "establish” that element of the offense as is required by CPL 100.40 (1) (c) to make the instrument an information because the person could in fact be licensed even though the license was not produced upon request or was not displayed. (See, however, People v Rodriguez, 140 Misc 2d 1 [Crim Ct, NY County 1988], which appears to express the view, in dicta, that the failure to display a license may provide both reasonable *389 cause and. evidence establishing that the person was in fact not licensed.)
Accordingly, the accusatory instrument in this case is deficient in that an element of the offense, that the person aided or abetted by defendant was unlicensed, is not supported by allegations of fact which, if true, establish that such person was unlicensed. The accusatory instrument is, therefore, not an information, but rather, is a complaint. Provided the time in which the People must be ready for trial pursuant to CPL 30.30 has not expired, this court will give the People an opportunity to file a supporting deposition establishing that the person aided and abetted by defendant was not licensed. In People v Alejandro (70 NY2d 133, 140, supra) Judge Bellacosa stated, in a concurring opinion, that "the State can easily and promptly amend or supersede and pursue a proper prosecution on a jurisdictionally valid accusatory instrument (CPL 100.45 [2], [3]; 100.50 [1])” where the accusatory instrument is facially insufficient.
[Portions of opinion omitted for purposes of publication.]