■ In the Matter of DALLAS L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), entered January 3, 1991, which, upon a fact-finding order of the same court dated November 30, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the seventh degree (two counts), and criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent and imposed consecutive terms of 12 months probation on each petition.

Ordered that the dispositional order is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petitions are dismissed.

On or about October 5, 1990, the presentment agency filed petitions charging the respondent with two unrelated incidents of criminal possession of a controlled substance. The first petition alleged that the appellant unlawfully possessed 14 vials of crack cocaine, which act, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree. The second petition alleged that the appellant unlawfully possessed 36 vials of crack cocaine while at the Volunteers of America Runaway Shelter, which act, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the seventh degree and criminal possession of a controlled substance in the fifth degree.

Annexed to the first petition, and in support thereof, was a copy of an arrest report signed by arresting Officer James Foley and his supervisor. The arrest report stated as follows, "Subject observed by Lt. Sullivan walking on State St. near James St. Subject placed in custody and transported to HQ where he was searched. A search of the subject revealed 14 clear vials of what appeared to be crack cocaine concealed in the defendant's underwear in a brown paper bag. A field test by Detective Fortini proved positive. At the time of his arrest the defendant was in possession of $94.50 cash in small bills. Money and narcotics tagged as evidence and turned over to Detective Fortini. The defendant transported to Woodfield by Lt. Burton". "A juvenile delinquency petition must contain 'non-hearsay allegations * * * establish[ing] * * * every element of each crime charged and the respondent's commission thereof' (Family Ct Act § 311.2 [3]). Any petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective" (Matter of Detrece H., 78 NY2d 107, 109; Matter of David T., 75 NY2d 927). Here, the supporting deposition filed with the petition and signed by Officer Foley established that the appellant was observed walking on the street by a third party, Lieutenant Sullivan. Additionally, the report stated that the appellant was transported to the precinct and searched, but failed to state who conducted this search and whether Officer Foley was even present at the time. This report contained pure hearsay and as such would not be admissible in court (see, Matter of Russell M., 146 AD2d 629). Assuming that the nonhearsay portions of the petition and its supporting documents are true, they would not prove every element of the crimes charged and that they were committed by the appellant (see, Family Ct Act § 311.2 [3]). Thus, the first petition must be dismissed (see, Family Ct Act § 315.1).

Additionally, viewing the evidence adduced at the fact-finding hearing in a light most favorable to the presentment agency (see, Matter of David H., 69 NY2d 792; People v Contes, 60 NY2d 620), we find it was legally insufficient to establish the appellant's guilt of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree alleged in the second petition. The only evidence linking the appellant to the vials of crack cocaine was his presence in the kitchen of the Volunteers of America Runaway Shelter where a single vial was found on the floor. "This evidence was not sufficient to establish that the [appellant] exercised the dominion and

control over the cocaine necessary to establish constructive possession" *(People v Reyes,* 126 AD2d 681; *People v Ortiz,* 126 AD2d 677; *People v Harvey,* 163 AD2d 532; *People v Headley,* 74 NY2d 858). Moreover, there was absolutely no evidence adduced at the fact-finding hearing that the appellant was found to be in possession of the remaining 35 vials of crack cocaine.

Based on the foregoing, it is unnecessary to reach the appellant's remaining contentions.

However, we note that the court erred in refusing to conduct a suppression hearing prior to the commencement of the fact-finding hearing in light of the appellant's objection to simultaneous hearings *(see,* Family Ct Act § 330.2 [3]). Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.