■ In the Matter of DEAN S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), entered June 11, 1990, which, upon a fact-finding order of the same court, dated June 1, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 1, 1990.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding determination is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792), we find that it was legally sufficient to prove beyond a reasonable doubt that the defendant committed an act which, if committed by an adult, would constitute the crime of assault in the third degree. Moreover, upon the exercise of our factual review power, we find that the findings of fact was not against the weight of the evidence *(see,* CPL 470.15 [5])*.*

However, we find that the Family Court erred in refusing to

conduct a suppression hearing prior to the commencement of the fact-finding hearing in light of the appellant's objection to simultaneous hearings *(see,* Family Ct Act § 330.2 [3]; *Matter of Dallas L.,* 183 AD2d 897; *Matter of George V.,* 100 AD2d 594).* Moreover, the Family Court's refusal to hold separate hearings cannot be deemed harmless under the facts and circumstances in the instant case. A Judge, by reason of learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision *(see, People v Moreno,* 70 NY2d 403, 406, citing *People v Brown,* 24 NY2d 168, 172). However, in this case, the evidence adduced on the fact-finding and suppression issues were so intertwined that it cannot be determined what evidence the Family Court relied upon in making its determinations and effective appellate review is therefore precluded. Accordingly, reversal is warranted based upon the court's failure to afford the appellant a separate suppression hearing and the matter is remitted for a new fact-finding determination to be preceded by an independent suppression hearing.

Based on the foregoing, we need not address the appellant's remaining contentions. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.