■ In the Matter of CLIFTON H., a Person Alleged to be a Juvenile Delinquent, Appellant. [624 NYS2d 44] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Feiden, J.), dated August 31, 1993,

which, upon a fact-finding order of the same court, also dated August 31, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated August 31, 1993.

Ordered that the dispositional order is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Nassau County, for the purpose of entering an order pursuant to Family Court Act § 375.1.

On or about July 21, 1993, the presentment agency filed a petition charging the appellant with acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The unsworn supporting deposition of Police Officer William J. Barry was the only paper attached to the petition. In it, Officer Barry stated that a confidential informant had purchased crack cocaine from two of the appellant's accomplices with prerecorded money. The accomplices gave the prerecorded money to the appellant, who was subsequently arrested with it in his possession. Officer Barry did not observe the transaction.

A juvenile delinquency petition is factually sufficient when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). A petition which does not substantially conform to the requirements of section 311.2 is both legally insufficient and jurisdictionally defective and subject to dismissal (Family Ct Act § 315.1 [1] [a]; [2]; *Matter of Rodney J.*, 83 NY2d 503, 507).

Here, the supporting deposition is entirely hearsay and, as such, inadmissible in court *(see, Matter of Russell M.,* 146 AD2d 629, 630; *Matter of Dallas L.,* 183 AD2d 897, 898). Moreover, there are no other supporting documents attached to the petition. Therefore, the petition does not contain non-hearsay allegations that establish every element of the crimes

charged. Accordingly, the petition must be dismissed *(see,* Family Ct Act § 315.1).

In light of our determination, it is unnecessary to reach the appellant's remaining contentions. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.