OPINION OF THE COURT
Lee H. Elkins, J.
The Presentment Agency moves pursuant to section 340.2 of the Family Court Act for an order transferring an extension of placement proceeding to Queens County Family Court to be heard by the Judge who presided at the fact-finding and original dispositional hearings. The court denies the motion to transfer the proceeding for the reasons stated herein.
On February 13, 1996, the Honorable Stephen J. Bogacz, sitting in Kings County Family Court, found after fact-finding (Family Ct Act § 342.1) that the respondent committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree. On March 7, 1996, a dispositional hearing (Family Ct Act § 350.3) was held and the respondent was placed with the Division for Youth for 18 months by Judge Bogacz. On July 17, 1997, the Division for Youth filed a petition to extend the respondent’s placement. (Family Ct Act § 355.3.) The Presentment Agency orally sought to have this matter transferred to Queens County Family Court where Judge Bogacz had been reassigned in June 1997. Judge Segal, presiding in the assignment part, declined to entertain the oral application and granted leave to renew the request in writing. The matter was then referred to this Judge, who was assigned to Judge Bogacz’s Brooklyn cases under the Individual Assignment System.
The Presentment Agency relies upon Family Court Act § 340.2 (2) which states, "The judge who presides at the fact-finding hearing or accepts an admission pursuant to section 321.3 shall preside at any other subsequent hearing in the proceeding, including but not limited to the dispositional hearing.” The Presentment Agency refers to the Practice Commentary by Professor Sobie relating to this section. Professor Sobie states that this rule applies "to any hearing subsequent to fact-finding, including a post-dispositional motion * * * a motion to seal a record * * * a violation of probation * * * or an extension of placement”. (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 340.2, at 442.) Professor Sobie does not cite any legislative history or other authority for this conclusion.
Whether the court is required by the statute to transfer this matter to the Judge who presided at the fact-finding depends *275 on the meaning given to the term "proceeding”. "[Statutory language is to be read in accordance with its ordinary and accepted meaning, unless the Legislature by definition or from the rest of the context of the statute provides a special meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94, at 191-194.) If "delinquency proceeding” encompasses an extension of placement hearing, then the Presentment Agency is correct. Article 3 of the Family Court Act does not define a delinquency "proceeding”.
A definition of "criminal proceeding” appears in the Criminal Procedure Law. (CPL 1.20 [18].) Section 303.1 (1) of the Family Court Act states, "The provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribed by this act.” Under section 303.1 (2), "A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.” There is no equivalent under the Criminal Procedure Law to an extension of placement. A sentence of imprisonment imposed in criminal cases cannot be modified once the term of the sentence has commenced. (CPL 430.10.) Consequently, there is no parallel provision of the Criminal Procedure Law to assist in interpreting section 340.2 (2) of the Family Court Act.
Delinquency proceedings are sui generis and have a dual nature. "While involving criminal conduct, the process itself is a civil proceeding.” (Matter of Carmelo E., 57 NY2d 431, 435 [1982].) Generally, actions brought under the Family Court Act are special proceedings governed by CPLR article 4. A proceeding includes "all possible steps in an action from its commencement to the execution of judgment.” (Black’s Law Dictionary 1204 [6th ed 1990].) Judgment is executed at disposition, which is defined as "[t]he final settlement of a matter”. (Id., at 471.) A delinquency proceeding is commenced with the filing of a petition by the presentment agency. (Family Ct Act § 310.1 [1].) That a delinquency proceeding terminates with the original dispositional order is apparent from comparing the section of article 3 which relates to postdispositional motions to vacate or modify the dispositional order, with the section of article 3 which governs extensions of the original placement.
Under Family Court Act § 355.1, a dispositional order may be stayed, modified or terminated upon motion. The Civil Practice Law and Rules defines a motion as "an application for *276 an order.” (CPLR 2211.) Motions are brought in the context of a proceeding (see generally, CPLR art 22) and may include an application to vacate a judgment. (CPLR 5015.) A motion does not commence a proceeding, although a decision on a motion may terminate a proceeding. Under Family Court A.ct § 355.1 (1) (b) on motion of the respondent, the court may upon a showing of substantial change of circumstances, grant a new fact-finding or dispositional hearing or may stay, set aside, modify, terminate or vacate "any order issued in the course of a proceeding under this article.” Under Family Court Act § 355.1 (2) , upon motion of the Division for Youth, the court may upon a showing of substantial change of circumstances, set aside, modify, vacate or terminate an order of placement entered under Family Court Act § 353.3. Under Family Court Act § 355.1 (3), any order entered upon such a motion must expire not later than the expiration date of the original dispositional order. In other words, the respondent or the Division for Youth may bring a motion to modify or terminate placement in the context of the original proceeding.
In contrast, under Family Court Act § 355.3 (1), an extension of placement may be obtained only by filing a new petition at least 60 days prior to the expiration of the period of placement. Under subdivision (2) of section 355.3, if the petition is not filed within 60 days prior to the expiration of the period of placement, the placement expires. The court may not consider an extension petition filed within 60 days of the expiration of placement unless good cause has been shown for the delay in filing the petition. The petitioner on an extension of placement petition is the Division for Youth, Commissioner of Social Services, or other person with whom the respondent is placed. The original Presentment Agency is not the petitioner, although the Presentment Agency has a right to notice and to be heard. The statute requires the court to conduct a new hearing on the petition when deciding whether to extend placement. (Family Ct Act § 355.3 [2].) Under Family Court Act § 355.3 (3) the provisions of Family Court Act § 350.4 apply to the extension of placement proceeding, including the entry of a new dispositional order. (Family Ct Act § 350.4 [9].)
It is apparent from these requirements: that a new petition be filed by a separate entity; that a new hearing be held; and that a new dispositional order be entered, that an extension of placement requires a new proceeding, separate and apart from the original fact-finding and dispositional proceeding initiated *277 by the Presentment Agency and presided over by the original Judge. Therefore, the respondent’s motion to transfer the proceeding pursuant to Family Court Act § 340.2 is denied.