■ In the Matter of JAMAL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 512]—

In a juvenile delinquency proceeding pursuant to Family Court article 3, the appeals are from (1) an order of fact-finding of the Family Court, Kings County (O'Donoghue, J.), dated June 21, 2004, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of possession of a loaded rifle or shotgun, unlawful possession of an unlicensed rifle or shotgun (two counts), and unlawful possession of weapons by persons under sixteen (two counts) under docket No. D-1905/04, (2) an order of disposition of the same court dated August 13, 2004, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him on probation under the supervision of the New York City Department of Probation for a period of 24 months under docket No. D-1905/04, and (3) an amended order of disposition of the same court dated August 13, 2004, which, in effect, upon a finding that the appellant violated a previous order of disposition of the same court (Grosvenor, J.) dated February 5, 2003, placed him on probation under the supervision of the New York City Department of Probation for a period of 24 months under docket No. D-5372-02/03A, to run consecutively with the period of probation under docket No. D-1905/04.

Ordered that the appeal from the order of fact-finding dated June 21, 2004, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated August 13, 2004, under docket No. D-1905/04; and it is further,

Ordered that the order of disposition dated August 13, 2004, and the amended order of disposition dated August 13, 2004, are reversed, on the law, without costs or disbursements, the order of fact-finding dated June 21, 2004, is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The Family Court erred in refusing to conduct a separate *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]) prior to the commencement of the fact-finding hearing in light of the appellant's objection to simultaneous hearings (*see* Family Ct Act § 330.2 [3]; *Matter of Dean S.,* 185 AD2d 324 [1992]; *Matter of Dallas L.,* 183 AD2d 897 [1992]; *Matter of George V.,* 100 AD2d 594 [1984]). Moreover, the Family Court's refusal to hold separate hearings cannot be deemed harmless under the facts and circumstances of this case. Even though it is true that a

judge, by reason of learning, experience, and judicial discipline, is uniquely capable of distinguishing the issues and making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision (*see People v Moreno,* 70 NY2d 403, 406 [1987], citing *People v Brown,* 24 NY2d 168, 172 [1969]), in this case, the evidence adduced on the fact-finding and suppression issues was so intertwined that it cannot be determined what evidence the Family Court relied upon in making its determinations, and effective appellate review is therefore precluded (*see Matter of Dean S., supra* at 324-325). Accordingly, reversal is warranted based upon the court's failure to afford the appellant a separate *Mapp* hearing and the matter is remitted for a new fact-finding determination to be preceded by an independent suppression hearing.

Based on the foregoing, we need not address the appellant's remaining contentions. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.