OPINION OF THE COURT
Harold Beeler, J.
Defendant moves, pursuant to CPL 170.30 (1) (a) and 170.35 *3 (1) (a), to dismiss the charges against him on the ground that they are jurisdictionally defective within the meaning of CPL 100.40 and 100.15. Said motion is typical of many recent jurisdictional attacks brought by defendants in Criminal Court against the facial sufficiency of misdemeanor accusatory instruments in the aftermath of the Court of Appeals decisions in People v Dumas (68 NY2d 729) and People v Alejandro (70 NY2d 133).
In this particular case, the defendant is accused of violating Alcoholic Beverage Control Law § 64-b (1) (license to sell liquor on premises commonly known as a bottle club); § 100 (1) (unlicensed sale of alcoholic beverages) and Penal Law § 240.45 (criminal nuisance).
Prosecutions of this nature are being brought with increasing frequency in an attempt to ultimately shut down "social clubs” where unlawful sales of alcoholic beverages and other illicit activities, such as gambling and drug usage, purportedly take place.
Aside from the not unsubstantial criminal penalties attached to such violations (each Alcoholic Beverage Control Law charge is an unclassified misdemeanor carrying, upon a conviction, a maximum term of imprisonment of one year), there are far-reaching civil repercussions that follow as a consequence of such successful prosecutions. Under Administrative Code of the City New York § 10-155, commonly known as the "padlock law”, the city is authorized to close down any premise or building where two or more convictions of either of the aforementioned Alcoholic Beverage Control Law charges have occurred within a 12-month period.
What’s more, under chapter 7 of title 7 of the New York City Administrative Code, the "Nuisance Abatement Law”, additional civil penalties of up to $1,000 per day are imposable for continuing violations of these Alcoholic Beverage Control Law provisions.
In view of the significant criminal and civil sanctions ensuing upon conviction of these "public nuisance” crimes, special scrutiny of the jurisdictional sufficiency of the pleadings involving these offenses is warranted.
The most troublesome issue raised by defendant in his papers is whether the mere statement on the face of the accusatory instrument by the deponent plain-clothes police officer that the location in question had no license from the New York State Liquor Authority (hereinafter NYSLA) to sell *4 alcoholic beverages is jurisdictionally sufficient, absent additional factual assertions that deponent observed no such license on display or a supporting deposition (see, CPL 100.20) from NYSLA that its records reveal that no liquor license was issued for such premises.
The factual portion of the instrument reads as follows: "Deponent [P.O. Karen Smith-Moore] states that defendant knowingly conducted a place where persons gather together for purposes of engaging in unlawful conduct and knowingly sold alcoholic beverages without a license in that deponent observed defendant acting as a manager and bartender at the above-mentioned location [inside 184 East 109th Street] and as such sold alcoholic beverages to deponent. Deponent further states that defendant did not have a license from the New York State Liquor Authority to sell alcoholic beverages. ” (Emphasis added.)
CPL 170.30 (1) (a) and 170.35 (1) (a) provide for the dismissal of a misdemeanor complaint or information or any count thereof, when the instrument, or count thereof, is not sufficient on its face pursuant to the requirements of CPL 100.40.
Under CPL 100.40 (1):
"[a]n information, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
CPL 100.15 (3) states, in pertinent part, that "[t]he factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.”
An analysis of the factual portion of this instrument reveals that it fails to comport with the requirements of CPL 100.40 and 100.15 and, as such, cannot survive defendant’s motion to dismiss.
*5 Alcoholic Beverage Control Law § 100 (1) provides that "[n]o person shall manufacture for sale or sell at wholesale or retail an alcoholic beverage within the state without obtaining the appropriate license therefor required by this chapter.” The mere assertion by the police officer deponent in this case that "defendant did not have a license from the New York State Liquor Authority to sell alcoholic beverages” does not satisfy the CPL 100.15 (3) requirement that the instrument allege "facts of an evidentiary character supporting or tending to support the charges.” The statement that the defendant "did not have a license” is a mere conclusion, and is unsupported on the face of this instrument by facts "of an evidentiary character” which might provide a basis for such conclusion. (People v Dumas, 68 NY2d 729, supra.)
The People, in their response to defendant’s motion, assert that the statement in the accusatory instrument that defendant had no license to sell alcoholic beverages "was based on the [police officer’s] observation that no license was displayed.” In this regard, the People rely on Alcoholic Beverage Control Law § 114 (6), which provides, in pertinent part, that "[b]efore commencing or doing any business for the time for which a license has been issued said license shall be enclosed in a suitable wood or metal frame having a clear glass space and a substantial wood or metal back so that the whole of said license may be seen therein, and shall be posted up and at all times displayed in a conspicuous place in the room where such business is carried on, so that all persons visiting such place may readily see the same.”
In People v Alejandro (70 NY2d 133, supra), the Court of Appeals considered a postverdict jurisdictional sufficiency challenge to an information charging a violation of Penal Law § 205.30 (resisting arrest). Holding that a facially insufficient information is jurisdictionally defective, the court differentiated between an indictment, "which presupposes that the Grand Jury * * * has found that a prima facie case exists” and a misdemeanor information, which involves no such preliminary finding by a Grand Jury. (Supra, at 138.) Because an information is the "sole instrument upon which the defendant could be prosecuted”, it "must * * * contain nonhearsay factual allegations sufficient to establish a prima facie case”. (Supra, at 138.) Unlike an indictment, therefore, which "may, as a pleading, be corrected by a bill of particulars”, a facially deficient information cannot be cured by "a prosecutor’s hear *6 say statements, set forth in a bill of particulars”. (Supra, at 138.)
Applying the reasoning of Alejandro (supra) to the facts herein, it is clear that the People’s hearsay statement in their response to defendant’s motion setting forth the factual basis for the police officer’s conclusion that defendant had no license (i.e., that the officer did not observe the license which Alcoholic Beverage Control Law § 114 [6] requires be conspicuously displayed) is insufficient to cure any defect in this accusatory instrument as to the Alcoholic Beverage Control Law § 100 (1) charge. Had facts of this nature (i.e., that the officer attempted without success to locate a license on display in the premises) been initially charged or, for that matter, had an appropriate official from the NYSLA stated in a supporting deposition that the premises had no license, the sufficiency requirements of the CPL as to this charge would have been satisfied.
Defendant also moves to dismiss on insufficiency grounds the charge under Alcoholic Beverage Control Law § 64-b (1) which provides, in pertinent part, that "[i]t shall be unlawful for any person, partnership or corporation operating a place for profit or pecuniary gain, with a capacity for the assemblage of twenty or more persons to permit a person or persons to come to the place of assembly for the purpose of consuming alcoholic beverages on said premises, which alcoholic beverages are either provided by the operator of the place of assembly, his agents, servants or employees, or are brought onto said premises by the person or persons assembling at such place, unless an appropriate license has first been obtained from the state liquor authority by the operator of said place of assembly.”
As with section 100 (1) the gravamen of a section 64-b (1) violation involves the same failure of the alleged operator to obtain an appropriate license from the State Liquor Authority. Accordingly, for all the reasons set forth above, the conclusory allegation in this accusatory instrument that defendant "did not have a license” is likewise insufficient, under CPL 100.15 (3), to sustain the section 64-b (1) charge.
Moreover, the section 64-b (1) count is additionally defective inasmuch as it contains no allegation, conclusory or otherwise, that the defendant was "operating * * * for profit or pecuniary gain”. Nor is it alleged anywhere in the instrument that the place in which the incident occurred had "a capacity for *7 the assemblage of twenty or more persons”. The unexplained failure to allege these two essential elements of section 64-b (1) violates the CPL 100.40 (1) (c) requirement that the “non-hearsay allegations of the factual part of the information and/ or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” The law is well settled that such failure in an information to allege essential elements of an offense renders that portion of the accusatory instrument jurisdictionally defective pursuant to CPL 100.40 and 100.15, and thereby mandates the further dismissal of the section 64-b (1) charge herein. (See, People v Hall, 48 NY2d 927; People v Alejandro, supra.)
Finally, defendant contends that the charge of criminal nuisance (Penal Law § 240.45) is also jurisdictionally defective. Pursuant to subdivision (2) of Penal Law § 240.45, a person is guilty of the crime of criminal nuisance when ”[h]e knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct.”
As defendant correctly points out in his moving papers, the accusatory instrument herein “contains no supportive evidentiary facts or reasonable grounds to believe that the establishment defendant is alleged to [have] conducted] is a place where persons gather together for purposes of engaging in unlawful conduct; in fact the instrument fails to specify what the purported unlawful conduct is.”
Absent some legally cognizable allegation that it is unlawful for persons who so assemble to consume alcoholic beverages in allegedly unlicensed premises and with no facts to indicate that anyone other than the deponent himself had engaged in such consumption on the date in question, there is simply no factual basis in this instrument to support the criminal nuisance charge.
Moreover, to the extent the People rely for the "unlawful conduct” element of Penal Law § 240.45 (2) on the fact that defendant purportedly had no license as required by the Alcoholic Beverage Control Law, the aforementioned failure to provide a nonconclusory, nonhearsay factual basis therefor renders this charge equally defective under CPL 100.40 and 100.15 and, as such, requires its dismissal.
In conclusion, for all the aforesaid reasons, the accusatory instrument is hereby dismissed. To require that such instrument set forth jurisdictionally sufficient evidentiary facts ei *8 ther on its face or in an easily obtainable supporting deposition, as well as allege all the essential elements of any offense charged, places a very minimal burden on the People, especially in light of the significant criminal and civil liabilities ensuing upon a conviction, and can be easily remedied in the future by proper pleading in the first instance.