OPINION OF THE COURT
Arlene D. Goldberg, J.
The issue presented is whether the New York County *972 District Attorney has the statutory authority to prosecute these matters in which the sole crime charged is attempted unauthorized practice of a profession in violation of section 6512 of the Education Law.
Claiming that he does not, defendant moved for an order dismissing the informations for lack of jurisdiction.[1] Said motion was denied by this court in an oral decision rendered on November 12, 1997. Since the issue is a recurring one, what follows is the written and expanded version of the basis for the court’s action.
Docket No. 97N022789 charges defendant with attempting to violate subdivision (1) of Education Law § 6512. In substance, it is alleged that defendant, together with others, was involved in offering to practice the profession of massage without the requisite license. Docket No. 97N050588 is based on a violation of subdivision (2) of the statute in that defendant allegedly attempted to aid three or more unlicensed persons to practice the profession of massage.
Defendant contends that pursuant to the terms of Education Law § 6514 (2), a District Attorney is not authorized to prosecute an alleged violation of section 6512 unless such offense is incidental to a criminal prosecution instituted by him under another statute. Defendant argues that since the alleged violation is not an incidental offense, the authority to prosecute the charge, as provided by the statute, rests solely with the Attorney-General. In support of this claim, defendant relies on an oral decision rendered by another Judge of the Criminal Court with respect to a prosecution, brought by the District Attorney, against one of the individuals defendant is alleged to have aided under docket No. 97N050588 (Lily Lee), who was separately charged with violating Education Law § 6512. The minutes of a calendar call in Ms. Lee’s case show that the Judge presiding dismissed the action (apparently sua sponte) for lack of jurisdiction, on the ground that the offense could only be prosecuted by the Attorney-General.
This court is not bound to follow the decision of a Judge of coordinate jurisdiction and respectfully declines to do so for the reasons set forth below.
The laws governing the admission to and the practice of certain professions are set forth in title 8 of the Education *973 Law. Included therein is the statute criminalizing the unauthorized practice of a profession, Education Law § 6512, which by its terms applies to "[a]nyone not authorized to practice under this title” (Education Law § 6512 [1]). Article 155 of title 8 describes the profession of massage and the requirements for its lawful practice. In relevant part, section 7802 of article 155 states that, "[o]nly a person licensed or authorized pursuant to this chapter shall practice massage”.
With these statutory provisions in mind, the jurisdictional issue raised by defendant is easily resolved. Education Law § 6514 provides for criminal proceedings for the unauthorized practice of a profession (Education Law § 6512) and the unauthorized use of a professional title (Education Law § 6513). Subdivision (2) of Education Law § 6514 states that, "[t]he attorney general shall prosecute such alleged offenses in the name of the state, provided, however, in the event of alleged violations of article one hundred fifty-five of this title, a district attorney may prosecute such alleged offenses in the name of the state provided, however, that any district attorney may prosecute such offenses where they are incidental to a criminal prosecution instituted by him under other statutes.” (Emphasis supplied.)
Although the statutory language is somewhat confusing, what can be gleaned from its terms is that in meaning and purpose it exempts prosecutions for article 155 (practice of massage) violations from the incidental offense requirement. (See, People v Gilmore, NYLJ, Mar. 29, 1993, at 30, col 4 [Sup Ct, Queens County].) In short, when it comes to the unauthorized practice of massage, there are no restrictions or limitations on a District Attorney’s jurisdiction to prosecute the offense. The District Attorney thus has equal jurisdiction with the Attorney-General to prosecute such a matter, irrespective of whether the charged offense is incidental to a prosecution instituted by the District Attorney under another statute. Under the statutory scheme, it is only violations of the regulations for the practice of professions other than massage that are subject to the incidental offense requirement in order for a District Attorney to exercise jurisdiction.
Support for the conclusion that the incidental offense requirement is inapplicable to a prosecution for the unauthorized practice of massage is found not only in the language of the statute but in its legislative history.
The current terms of the statute are the product of two legislative amendments. In its original form, Education Law *974 § 6514 (2) provided that, "The attorney general shall prosecute such alleged offenses [violations of Education Law §§ 6512 and 6513] in the name of the state, provided, however, that a district attorney may prosecute such offenses where it is incidental to a criminal prosecution instituted by him under other statutes.” (See, L 1971, ch 987, § 2.)
In July of 1976, the Legislature approved "[a]n act to amend the education law, in relation to allowing the district attorney to bring criminal proceedings for the unauthorized practice of the profession of massage and the unauthorized use of the title masseur or masseuse in cities having a population of one million or more.” (See, L 1976, ch 686.) Pursuant to that enactment, subdivision (2) of Education Law § 6514 was amended to read as follows: "The attorney general shall prosecute such alleged offenses [violations of Education Law §§ 6512 and 6513] in the name of the state, provided, however, in the event of alleged violations of article one hundred fifty-five of this title occurring in cities with a population of one million or more, a district attorney may prosecute such alleged offenses in the name of the state provided, however, that any district attorney may prosecute such offenses where they are incidental to a criminal prosecution instituted by him under other statutes.” (Id., § 1, eff Aug. 24, 1976.)
As discussed in People v Gilmore (supra), the legislative intent in enacting the 1976 amendment was to expand the jurisdiction of District Attorneys. The case of People v Mauro (147 Misc 2d 381 [Crim Ct, NY County 1990]) is also instructive. There, the defendant was similarly charged with violating subdivisions (1) and (2) of Education Law § 6512 based on allegations that defendant was practicing and aiding and abetting others to practice massage without being licensed to do so. Although the defendant in Mauro did not challenge the jurisdiction of the District Attorney to prosecute the case, the court noted that, "Education Law § 6514 (2) clearly authorizes the District Attorney to prosecute the offenses charged here, as New York City is a city having a population of over 1,000,000 persons.” (Supra, at 384.)
In 1996, the Legislature amended the statute to its current form by eliminating the over one million city population requirement. (See, L 1996, ch 257, § 1, eff Nov. 1, 1996.) As a result, District Attorneys gained jurisdiction to prosecute article 155 violations in all cities.
Thus, the legislative history of Education Law § 6514 (2) demonstrates a clear intent to remove all restrictions on a *975 District Attorney’s authority to prosecute alleged violations of the requirements for the practice of massage.
Accordingly, defendant’s motion to dismiss these actions for lack of jurisdiction is denied.

. Defendant additionally moved for dismissal of the informations for facial insufficiency. That motion was granted since the factual allegations underlying both dockets failed to establish defendant’s commission of the crime charged.