[907 NYS2d 856]

The People of the State of New York, Plaintiff, v Colombia Nunez, Defendant.

Criminal Court of the City of New York, New York County, September 23, 2010

**APPEARANCES OF COUNSEL**

*Ronald Saffer*, New York City, for defendant. *Cyrus R. Vance, Jr., District Attorney* (*Michael Ford* of counsel), for plaintiff.

**OPINION OF THE COURT**

TAMIKO AMAKER, J.

The defendant, Colombia Nunez, has been charged with a violation of section 64-b (1) of the Alcoholic Beverage Control Law in connection with her alleged sale of an alcoholic beverage inside unlicensed premises. The defendant has moved to dismiss the underlying accusatory instrument on grounds of facial insufficiency, pursuant to CPL 100.40 and 170.30. In order to establish a prima facie violation of Alcoholic Beverage Control Law § 64-b, an information must establish the following non-hearsay elements: (1) that the defendant is a person, partnership or corporation operating the premises at which alcoholic beverages were being sold or consumed; (2) that the premises were being operated for profit or pecuniary gain; (3) that the premises had an assemblage capacity of at least 20 persons; and (4) that the premises were, in fact, unlicensed by the New York State Liquor Authority. After review of the moving papers, applicable statutes and relevant case law, this court finds that the purported information fails to sufficiently establish both the defendant's operation and the assemblage capacity of the premises. Accordingly, the defendant's motion to dismiss is granted. This court's analysis is as follows.

The defendant was arrested on October 2, 2009 after she allegedly sold a Corona beer to an undercover officer inside unlicensed premises located at 231 East 116th Street in Manhattan. The complaint is devoid of any description of the subject premises other than its address. There is no allegation that the establishment was being operated as a bottle club or even that the premises were open to the public. The complaint makes no reference to the presence of any individuals other than the undercover officer and the defendant. Additionally, the defendant's association with the premises is not set forth. It is not alleged that the defendant had any proprietary interest, business affiliation or managerial capacity in the establishment. The factual allegations merely state that the defendant served a beer to the officer in exchange for $3. The complaint simply states that the defendant could not produce a valid New York State Liquor Authority license when asked to do so by the undercover officer.[1]

CPL 100.40 (1) provides that an information is facially sufficient when it (1) adheres to the form and content require-

---

1. In 1934, New York State enacted chapter 478 of the Laws of 1934, the Alcoholic Beverage Control Act, creating the State Liquor Authority. The re-

ments detailed in CPL 100.15; (2) contains factual allegations which provide reasonable cause to believe that the defendant committed the offense charged; and (3) contains nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof. (*See* CPL 100.40 [1] [a]-[c].) CPL 70.10 (1) sets forth that "[l]egally sufficient evidence" means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged. "Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight or persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. (*See* CPL 70.10 [2]; *People v Dumas*, 68 NY2d 729 [1986].) When these requirements are met, this is also referred to as a prima facie case (*see People v Alejandro*, 70 NY2d 133 [1987]). However, a prima facie case is not to be confused with proof beyond a reasonable doubt, as required at trial. (*People v Kalin*, 12 NY3d 225 [2009]; *People v Henderson*, 92 NY2d 677 [1999].) "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." (*People v Casey*, 95 NY2d 354, 360 [2000].)

Alcoholic Beverage Control Law § 64-b (1) in pertinent part states

"It shall be unlawful for any person, partnership or corporation operating a place for profit or pecuniary gain, with a capacity for the assemblage of twenty or more persons to permit a person or persons to come to the place of assembly for the purpose of consuming alcoholic beverages on said premises, which alcoholic beverages are either provided by the operator of the place of assembly, his agents, ser-

sponsibilities of the State Liquor Authority include properly issuing licenses and permits for the manufacture, wholesale distribution and retail sale of all alcoholic beverages and ensuring that those licensed comply with the Alcoholic Beverage Control Law.

vants or employees, or are brought onto said premises by the person or persons assembling at such place, unless an appropriate license has first been obtained from the state liquor authority by the operator of said place of assembly . . . Nothing contained herein shall prohibit or restrict the leasing or use of such place of assemblage as defined herein by any organization or club enumerated in subdivision seven hereof."[2]

Alcoholic Beverage Control Law § 64-b (1) specifically addresses persons or entities "operating a place for profit or pecuniary gain." While the statute makes reference to alcoholic beverages which are provided by the "agents, servants or employees" of unlicensed establishments, only those individuals or entities "operating a place for profit or pecuniary gain" can be in violation of Alcoholic Beverage Control Law § 64-b. (*Id.*) "[W]here the words of a statute are clear and unambiguous, they should be literally construed." (*People v Munoz*, 207 AD2d 418, 419 [2d Dept 1994]; *see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94.) We conclude that establishing that a defendant is both operating the premises and doing so for a profit or pecuniary gain is an essential element of a violation of this statute. In this case, the complaint provides no information as to the defendant's association with the premises. It simply states that she served an alcoholic beverage to an undercover officer in exchange for cash. These allegations, at best, describe the conduct of an employee and do not suffice to establish operation of the premises. Since this court finds that the defendant was not operating the place, we need not examine the adjunct issue of whether she was doing so for profit or pecuniary gain.

"Assemblage capacity" is the next element of Alcoholic Beverage Control Law § 64-b that must be pleaded in order to satisfy the requirements of facial sufficiency. In order to fall within the ambit of the statute, the unlicensed premises must have an assemblage capacity of at least 20 persons. As previously noted, the instant complaint contains no description of the premises, other than its address. Moreover, the complaint does not allege the presence of any persons other than the defendant and the undercover police officer. The court notes that sufficient plead-

2. In pertinent part, Alcoholic Beverage Control Law § 64-b (7) states "[t]his section shall not apply to any non-profit religious, charitable, or fraternal organization nor to a club as defined in section three, subdivision nine of this chapter, nor to a duly recognized political club."

ing of the "assemblage capacity" element of the statute does not require alleging the actual presence of 20 or more individuals. Moreover, "assemblage capacity" may be established circumstantially by factual allegations describing the approximate physical dimensions of the premises. In this case, however, there is a complete absence of any allegations from which the capacity of the subject premises could be inferred or presumed.

The last essential element of Alcoholic Beverage Control Law § 64-b (1) is that the subject premises must, in fact, be unlicensed by the State Liquor Authority. The complaint sets forth that the defendant could not produce a liquor license when requested to do so. Alcoholic Beverage Control Law § 114 governs liquor licenses both in terms of their content and the manner in which they must be displayed. Alcoholic Beverage Control Law § 114 (6), in pertinent part, sets forth that all licenses issued pursuant to the Alcoholic Beverage Control Law "shall be posted up and at all times displayed in a conspicuous place in the room where such business is carried on." While the complaint in this case makes no specific reference to the lack of the presence of a license, it does state that the defendant was unable to produce a license when asked to do so. By inference, this court finds that the defendant's failure to produce the license sufficiently establishes, at least circumstantially, that the premises were in fact unlicensed. The level of proof required to establish a prima facie case is lesser than that required for conviction after trial. Accordingly, we find that the complaint sufficiently establishes the unlicensed element. This finding, of course, does not negate the additional requirements that the defendant was operating a place for profit or pecuniary gain and that the premises have an assemblage capacity of at least 20 persons.

In summary, the following elements must be established by nonhearsay allegations in order to establish a prima facie case of a violation of section 64-b (1) of the Alcoholic Beverage Control Law: (1) the defendant was a person, partnership or corporation operating premises upon which alcoholic beverages were being served or consumed; (2) the premises were being operated for profit or pecuniary gain; (3) the unlicensed premises had a capacity for the assemblage of a minimum of 20 persons; and (4) the premises were, in fact, unlicensed. In this case, the purported information fails to establish the defend-

ant's operation of the premises, or that the premises had an assemblage capacity of at least 20 persons. Accordingly, the defendant's motion to dismiss pursuant to CPL 100.40 and 170.30 is granted.