*507 OPINION OF THE COURT
William A. Carter, J.
On June 14, 2012, Colin Donnaruma was arraigned on two counts of disorderly conduct (see Penal Law § 240.20 [5], [6]) and one count of resisting arrest (see Penal Law § 205.30). Now, by notice of motion filed on September 21, 2012, the defendant, through his attorney, Mark S. Mishler, Esq., moves for omnibus relief.[1] The People have responded by letter filed on October 4, 2012, stating that the Albany County District Attorney’s Office declines to prosecute the above charges and “will not be participating in motion practice or future proceedings related to the instant charge [sic].” The matter now comes before the court for a decision.
Motion to Dismiss — “Failure to Prosecute”
The defendant moves, pursuant to People v Di Falco (44 NY2d 482 [1978]) and Matter of Cantwell v Ryan (309 AD2d 1042 [3d Dept 2003]), to dismiss the accusatory instruments on the ground that the Albany County District Attorney’s Office has declined to prosecute this case. Specifically, the defendant states that, because the Albany County District Attorney informed defense counsel that he was not going forward with the prosecution, this court “has no authority to do anything except to dismiss the case” (see defendant’s aff, 1i 4). This court disagrees and, to the extent that People v 88 Occupy Albany Individuals *508 (Albany City Ct, Mar. 5, 2012 [amended], Keefe, J.) holds otherwise, this court respectfully declines to follow that decision (see People v Blair, 23 Misc 3d 902, 903 [Albany City Ct 2009]; People v Hill, 16 Misc 3d 176, 182 [Crim Ct, NY County 2007]; People v Shieh, 174 Misc 2d 971, 972 [Crim Ct, NY County 1997]; Matter of Cruikshank, 169 Misc 514, 515 [Sur Ct, Kings County 1938]; Matter of Herle, 165 Misc 46, 49-50 [Sur Ct, Kings County 1937]; Matter of Kathan, 141 NYS 705, 712 [Sur Ct, NY County 1913]).
This court recognizes the wide latitude and discretion afforded a district attorney in exercising his or her prosecutorial discretion in determining when and how to prosecute a suspected offender (see Matter of Schumer v Holtzman, 60 NY2d 46, 50 [1983]; People v Di Falco; Matter of Czajka v Koweek, 100 AD3d 1136 [3d Dept Nov. 8, 2012]; Matter of Cantwell v Ryan). In fact, the Albany County District Attorney specifically exercised this discretion by initially deciding to prosecute this case. The criminal prosecution was commenced — and the jurisdiction of this court was thereby invoked — upon the filing of the information on June 14, 2012 (see CPL 1.20 [17]; 100.05). Moreover, the assistant district attorney who appeared at arraignment took a very active role in the prosecution by filing a superseding information, making a bail recommendation, serving CPL 710.30 notice upon the defendant and declaring trial readiness. When a district attorney exercises his or her discretion in invoking the jurisdiction of the court by pursuing a prosecution, as was done in this case, he or she may not simply walk away from the case and abandon it. As has been noted by the Third Department, “a District Attorney does not possess unfettered discretion over the disposition of [an accusatory instrument]” (Matter of Cloke v Pulver, 243 AD2d 185, 189 [3d Dept 1998]). Rather, the disposition of a pending criminal matter is controlled exclusively by the Criminal Procedure Law and any termination of said prosecution, no matter the rationale or whether the motion is made by the defendant or the People, requires utilization of the procedures set forth therein (see CPL 170.30, 170.40 [2]; cf. Matter of Czajka v Koweek [acknowledging that a district attorney’s status as a constitutional officer does not render him or her immune from the Judiciary Law or the Rules of Professional Conduct]).
Since the Albany County District Attorney exercised his discretion to prosecute this case through its initial stages, both the People and the defendant are now required to follow the *509 procedures set forth in CPL 170.30 and/or 170.40 (2). The Court of Appeals has noted that, in enacting CPL 170.30, the legislature created an “all inclusive” comprehensive legislative scheme for dealing with motions to dismiss local criminal court accusatory instruments (People v Douglass, 60 NY2d 194, 201 [1983]). Notably, the defendant has not invoked CPL 170.30 in his motion. Nonetheless, even if CPL 170.30 had been relied upon here, the ground for dismissal advanced by the defendant — that the Albany County District Attorney “declined” to further prosecute this case — is not a legally cognizable ground for dismissal. The Court of Appeals in People v Douglass specifically instructs that trial courts have “no authority — inherent, statutory, or otherwise — to dismiss . . . charges for ‘failure to prosecute’ ” (id. at 200).[2] Moreover, in Douglass, the Court found that “failure to prosecute” is not listed in CPL 170.30 as a permissible ground to dismiss (id.).[3] This statutory framework was recently noted in People v Chai (37 Misc 3d 1203[A], 2012 NY Slip Op 51870[U] [Kinderhook Just Ct, Sept. 26, 2012, Dellehunt, J.]) which held that “[a] local Criminal Court only has the authority to dismiss a case under certain [pre] scribed provisions of the Criminal Procedure Law or where the prosecution fails to produce evidence at trial that is sufficient to meet the prosecution’s burden of proof’ (2012 NY Slip Op 51870[U], *2; see also People v Roman, 35 Misc 3d 133[A], 2012 NY Slip Op 50697[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [“A trial *510 court has no statutory or inherent authority to dismiss a criminal proceeding for failure to prosecute”]; People v Pueblas, 18 Misc 3d 131 [A], 2008 NY Slip Op 50076[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [“The trial court has no statutory or inherent authority to dismiss a criminal proceeding for failure to prosecute”]; People v Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190DJ] [App Term, 2d Dept, 9th & 10th Jud Dists 2004] [a trial court can dismiss a pending criminal prosecution only upon the limited grounds codified in the Criminal Procedure Law and cannot dismiss charges for the People’s failure to prosecute]). Accordingly, the defendant’s motion is denied.
Lastly, given the District Attorney’s October 4, 2012 letter stating that his office declines to prosecute these charges and “will not be participating in motion practice or future proceedings,” the court is constrained to note that, should the Office of the District Attorney fail to appear at the next scheduled court date, this court may be forced to utilize one of the few available options left to it under these circumstances, including, but not limited to, its contempt powers (see Matter of Cloke v Pulver, 243 AD2d 185, 187-190 [3d Dept 1998] [noting three options for a trial judge where a district attorney refuses to prosecute a pending matter]).
Motion to Dismiss — Facial Insufficiency
The defendant moves, pursuant to CPL 170.30 (1) (a), 170.35 (1) (a) and 100.40, to dismiss the accusatory instruments charging him with two counts of disorderly conduct (Penal Law § 240.20 [5], [6]) and one count of resisting arrest (Penal Law § 205.30) on the ground that the informations are facially insufficient. The defendant argues that the informations charging him with disorderly conduct both fail to contain evidentiary facts that the defendant acted with intent to alarm, annoy or inconvenience the public, or that the public at large was impacted or that there was a risk of a public disturbance. In addition, the defendant argues that there are insufficient evidentiary facts of a lawful order in the information charging him with violating Penal Law § 240.20 (6). Lastly, the defendant argues that the information charging him with resisting arrest fails to contain evidentiary facts of a lawful underlying arrest. The court disagrees.
An information is sufficient on its face if it contains nonhearsay factual allegations made under the penalty of perjury, which, *511 if true, establish every element of the offense and provide reasonable cause to believe the defendant committed the offense charged (see CPL 100.15 [3]; 100.40 [1] [b], [c]). Conclusory allegations are insufficient and render the accusatory instrument defective (see People v Dumas, 68 NY2d 729, 731 [1986]; People v Rodriguez, 140 Misc 2d 1, 5 [Crim Ct, NY County 1988]; People v Penn Cent. Transp. Co., 95 Misc 2d 748, 753 [Crim Ct, Kings County 1978]). Moreover, the failure to establish a prima facie case in an information is a nonwaivable jurisdictional defect requiring dismissal of the accusatory instrument (see People v Alejandro, 70 NY2d 133, 139 [1987]). “The law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefore be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2005], Iv denied 4 NY3d 857 [2005], citing People v Konieczny, 2 NY3d 569, 575 [2004]). Although the factual allegations in an information should be given a fair and not overly restrictive or technical reading (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]), they must nevertheless satisfy the requirements of the Criminal Procedure Law.
A person is guilty of disorderly conduct pursuant to Penal Law § 240.20 (5) when “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e obstructs vehicular or pedestrian traffic.” Similarly, a person is guilty of disorderly conduct pursuant to Penal Law § 240.20 (6) when “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . .[h]e congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.” The nonhearsay allegations relating to both charges are found in the “to wit” portion of each accusatory instrument.[4] In the factual portion of the information charging the defendant with violating Penal Law § 240.20 (5), Albany Police Officer M. Geraci affirms, upon his direct knowledge, that
“[o]n Wednesday June 13th 2012 between 2000 hrs and 2020 hrs while on Lark Street between Washington Ave and Hudson Ave the defendant along with approximately thirty other individuals did walk in the south and north bound lanes of Lark Street subsequently obstructing vehicular traffic. Specifi *512 cally, the defendant caused approximately twenty vehicles in the south bound lanes to come to a complete stop and the defendant caused the north bound traffic to swerve and stop when he walked in front of and next to the vehicles traveling north on Lark Street. The defendant along with others refused to comply with a lawful order of the police to disperse, specifically the complainant, an on duty uniformed police officer, asked the group and the defendant several times to leave the roadway and walk on the sidewalk.”
In the factual portion of the information charging the defendant with violating Penal Law § 240.20 (6), which is almost identical to the factual portion relating to the Penal Law § 240.20 (5) charge, Albany Police Officer M. Geraci affirms, upon his direct knowledge, that
“[o]n Wednesday June 13th 2012 between 2000 hrs and 2020 hrs while on Lark Street between Washington Ave and Hudson Ave the defendant along with approximately thirty other individuals did walk in the south and north bound lanes of Lark Street[.] [Specifically, the defendant caused approximately twenty vehicles in the south bound lanes to come to a complete stop and the defendant caused the north bound traffic to swerve and stop. The defendant along with others refused to comply with a lawful order of the police to disperse, specifically the complainant, an on duty uniformed police officer, asked the group and the defendant several times to leave the roadway and walk on the sidewalk.”
The defendant first argues that both accusatory instruments fail to contain evidentiary facts that the defendant acted with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof. Because “ ‘[a mens rea] . . . cannot be the subject of a non-hearsay evidentiary allegation, it ... is necessary only that there be alleged evidentiary facts from which [a mens rea] may be inferred’ ” (People v Spiegel, 181 Misc 2d 48, 52 [Crim Ct, NY County 1999], quoting People v Leiner, NYLJ, Oct. 15, 1997 at 34, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists 1997], Iv denied 91 NY2d 894 [1998]; see also People v Danaher, 49 AD2d 984, 984 [3d Dept 1975]). Here, there are ample facts from which the court can infer the requisite intent as the public ramifications are clear from the alleged acts. On June 13, 2012, at approximately 8:00 p.m., the *513 defendant is alleged to have walked down the south and northbound lanes of Lark Street, in the City of Albany, along with approximately 30 other individuals in an apparent “Occupy Albany” protest. These actions are alleged to have resulted in the swerving and complete stop of more than 20 vehicles traveling in both directions.
Similarly, the court finds no merit in the defendant’s second argument — that the accusatory instrument charging the defendant with Penal Law § 240.20 (6) fails to contain nonhearsay facts of a lawful order. For purposes of facial sufficiency, the court finds that the complainant police officer’s repeated requests to the group and to the defendant to leave the roadway and walk on the sidewalk constituted a lawful order. Accordingly, the defendant’s motion to dismiss these accusatory instruments as facially insufficient is denied.
Lastly, the defendant moves to dismiss the information charging him with resisting arrest on the ground that there was no lawful underlying arrest. The court disagrees. Penal Law § 205.30 provides that a person is guilty of resisting arrest when “he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” In the factual portion of the information charging the defendant with violating Penal Law § 205.30, Albany Police Officer M. Geraci affirms, upon his direct knowledge, that
“[o]n Wednesday June 13th 2012 between 2000 hrs and 2020 hrs while on Lark Street between Washington Ave and Hudson Ave the defendant along with approximately thirty other individuals did walk in the south and north bound lanes of Lark Street subsequently obstructing vehicular traffic. Specifically, the defendant caused approximately twenty vehicles in the south bound lanes to come to a complete stop and the defendant caused the north bound traffic to swerve and stop. The defendant along with others refused to comply with a lawful order of the police to disperse, specifically the complainant, an on duty uniformed police officer, asked the group and the defendant several times to leave the roadway and walk on the sidewalk, the defendant stated ‘nope, we are marching and you will have to arrest us.’ The defendant was told that he was under arrest by the complainant, . . . and to turn around and place his hands behind his back[.] *514 [T]he defendant refused to comply and resisted his lawful arrest for Penal Law 240.20 sub 5 and 6, disorderly conduct, when he backed away in an attempt to not be placed in handcuffs.”
“A key element of resisting arrest is the existence of an authorized arrest, including a finding that the arrest was premised on probable cause” (People v Jensen, 86 NY2d 248, 253 [1995]). Enough facts have been pleaded in the information to infer that the defendant’s underlying disorderly conduct arrests were premised upon probable cause. Motion denied.
Motion for Brady Material
The defendant moves for an order pursuant to Brady v Maryland (373 US 83 [1963]). In that case, the Supreme Court held that the People must disclose to a criminal defendant evidence in its possession that is (1) favorable to the defendant and (2) material either to guilt or punishment. This rule rests on the premise that proceedings cannot be fair if evidence is withheld which casts doubt on the guilt of the defendant (see People v Vilardi, 76 NY2d 67 [1990]). It is incumbent on the People, as a matter of due process, to ensure that material evidence in its possession that is exculpatory in nature be turned over to the defendant (People v Novoa, 70 NY2d 490 [1987]). The People are directed to do so as such evidence, if any, comes into their possession.
Motion for Rosario Material
The defendant also requests an order requiring the People to make disclosures pursuant to People v Rosario (9 NY2d 286 [1961]). The People are hereby reminded of their duties pursuant to CPL 240.44 and 240.45. Failure to comply with these statutory mandates may result in sanctions as authorized by law.
Motion for SandovallVentimiglia/Molineux Hearing
The defendant has requested that the court conduct a hearing to determine the admissibility of any prior crimes or bad acts committed by the defendant. Under People v Molineux (168 NY 264 [1901]) the defendant is entitled to a pretrial hearing to determine the admissibility of uncharged crimes committed by the defendant as part of the People’s direct case. Under People v Sandoval (34 NY2d 371 [1974]), the defendant is entitled to a hearing to determine the admissibility, in cross-examination *515 impeachment of the defendant, of prior criminal convictions. Under People v Ventimiglia (52 NY2d 350 [1981]), the defendant is entitled to a hearing on the admissibility of evidence of uncharged crimes which do not directly inculpate the defendant but from which guilt may be inferred. The defendant’s motion will be granted and the requested hearing held immediately prior to the commencement of jury selection at trial of the underlying charges. The People are also reminded of their duties pursuant to CPL 240.43.
Motion for a Huntley Hearing
The court construes the defendant’s motion entitled “Statements” to be a motion for a Huntley hearing. The court must hold a hearing whenever the defendant claims his statements were involuntary, no matter what facts he puts forth in support of that claim (see People v Weaver, 49 NY2d 1012 [1980]; see also CPL 710.60 [3] [b]). Therefore, the defendant’s motion for a Huntley hearing is granted, and the court will hold said hearing at a time to be determined by the court and the parties.
Motion to Preclude — CPL 710.30
The defendant moves to preclude all identifications of the defendant inasmuch as the People have failed to provide him with timely CPL 710.30 notice of same. The remedy for the People’s failure to comply with the statute is preclusion (see People v Lopez, 84 NY2d 425, 428 [1994]). Accordingly, the defendant’s motion is granted and the People are hereby precluded from introducing at trial any evidence or testimony properly the subject of CPL 710.30 which was not timely served upon the defendant.
Motion for a DunawayIMapp (Probable Cause/Suppression) Hearing
The defendant moves for a Dunaway hearing. Where the papers submitted in support of a motion to suppress raise a factual dispute on a material point which must be resolved before the court can decide a legal issue, a hearing is required (see People v Mendoza, 82 NY2d 415, 426 [1993]; People v Gruden, 42 NY2d 214 [1977]). Therefore, the motion for a hearing is granted. The court will hold said hearing at a time to be determined by the court and the parties.
Other Motions
Any motions not specifically granted herein are hereby denied.

. Counsel at the defendant’s arraignment was Miguel Ortiz, Esq. The court notes that defendant’s present counsel’s notice of motion additionally states that the defendant
“relies on his right to due process, his right to compulsory process, his right to confrontation, his right to equal protection, his right to effective assistance of counsel, his right to a fair trial, his right to engage in expressive speech and conduct, his right to assemble, his right to petition the government for a redress of grievances, his right to consult with others for the common good, and other rights guaranteed under Article I, §§ 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, and 14 of the New York State Constitution, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, CPL Articles 190, 200, 210, [and] 600 and other applicable state and federal law as well as principles of international human rights law as applicable in the United States, including the Universal Declaration of Human Rights, and the International Covenant of Civil [a]nd Political Rights.”
However, there are no allegations in the body of the attorney affirmation to support the majority of these applications. Accordingly, only those portions of the motion which have factual allegations to support the application will be considered by this court.

. Reliance on People v 88 Occupy Albany Individuals (Albany City Ct, Mar. 5, 2012 [amended], Keefe, J.) is misplaced as that decision fails to acknowledge, let alone distinguish itself from People v Douglass (60 NY2d 194, 201 [1983]). Defense counsel for People v 88 Occupy Albany Individuals and the present case are identical.

. CPL 170.30 (1) provides:
“After arraignment upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that:
“(a) It is defective, within the meaning of section 170.35; or “(b) The defendant has received immunity from prosecution for the offense charged, pursuant to sections 50.20 or 190.40; or “(c) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20; or
“(d) The prosecution is untimely, pursuant to section 30.10; or “(e) The defendant has been denied the right to a speedy trial; or “(f) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged; or “(g) Dismissal is required in furtherance of justice, within the meaning of section 170.40.”

. The defendant was arraigned on three separate informations.