OPINION OF THE COURT
Mary V. Rosado, J.
Defendant is charged with violations of Alcoholic Beverage Control Law §§ 64-b (license to sell liquor on premises commonly known as a bottle club) and 96 (warehouse permit). By notice of motion and affirmation dated September 10, 2015, defendant moves to dismiss the accusatory instrument for facial *828 insufficiency, severance from codefendant and for other relief. By notice of motion and memorandum of law dated December 1, 2015, the People oppose dismissal of all charges and severance of the case.
Defendant’s motion to dismiss for facial insufficiency is granted as to Alcoholic Beverage Control Law § 96 and denied as to Alcoholic Beverage Control Law § 64-b. Defendant’s motion to sever is referred to the trial judge.
Factual Allegations
The information alleges that on or about June 4, 2015, at approximately 8:30 a.m., inside of 810 East 227th Street, the following occurred:
“Deponent is informed by PO Keith Figueroa . . . that . . . informant observed defendants acting in concert in that both defendants were standing outside the above location, a residence, and that defendant George stated in sum and substance, GO INSIDE AND DO WHAT YOU NEED TO DO. SHE’S RUNNING THE WHOLE SHOW, and defendant Fleming stated, in sum and substance, I WAS WORKING THE BAR ALL NIGHT, SELLING BEERS FOR THREE DOLLARS APIECE. YOU CAN GO IN AND TAKE A LOOK AROUND. WAYNE GEORGE IS AT WORK RIGHT NOW.
“Deponent is further informed that informant walked down a driveway, into the enclosed backyard of the residence, and entered a building therein which appeared to be a converted garage or canopy. Deponent is further informed that informant observed a bar counter, a DJ booth, multiple speakers, a dance floor, and bottles of liquor behind the bar. Deponent is informed by informant that he observed behind the bar, one (1) marble composition notebook . . . containing ledger notes indicating the names of alcoholic beverage brands, its prices and the amounts sold. Deponent is further informed by informant that informant observed over a dozen bottles of various liquors including Bacardi Rum, Hennessey Cognac, Smirnoff Vodka, Bailey’s Irish Cream Liquer [sic], as well as bottles of Corona, Beck’s, and Red Stripe Beer. Deponent is further informed by informant that he observed dozens of empty beer bottles strewn about the premises.
*829 “Deponent is further informed by informant [t]hat he did not observe a New York State Liquor License, which is required by law to be conspicuously posted. “Deponent further states he observed defendant’s New York State Driver’s License, which depicted the above address . . . .”
Facial Sufficiency
To be facially sufficient, an accusatory instrument “must designate the offense or offenses charged” (CPL 100.15 [2]) and “must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). More specifically, an information must provide “reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” and must contain “[n] on-hearsay allegations . . . [that] establish, if true, every element of the offense charged and the defendant’s commission thereof” (CPL 100.40 [1] [b], [c]; People v Henderson, 92 NY2d 677, 679 [1999]).
The Court of Appeals has stated that CPL 100.40 (1) places “the burden on the People to make out their prima facie case for the offense charged in the text of the information” (People v Jones, 9 NY3d 259, 261 [2007]). It should be noted that the prima facie case requirement is not the same as the burden required at trial of proof beyond a reasonable doubt, “nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at the trial” (People v Kalin, 12 NY3d 225, 230 [2009]). Rather, what is required is that the factual allegations in the information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense” (id. [internal quotation marks omitted]). Ultimately, the information “should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
License to Sell Liquor on Premises Commonly Known as a Bottle Club
Alcoholic Beverage Control Law § 64-b (1) provides the following:
“It shall be unlawful for any person, partnership or corporation operating a place for profit or pecuniary gain, with a capacity for the assemblage of *830 twenty or more persons to permit a person or persons to come to the place of assembly for the purpose of consuming alcoholic beverages on said premises, which alcoholic beverages are either provided by the operator of the place of assembly, his agents, servants or employees, or are brought onto said premises by the person or persons assembling at such place, unless an appropriate license has first been obtained from the state liquor authority by the operator of said place of assembly. Nothing in this section shall be construed as affecting the definition of place of assembly in this chapter or any other law. Nothing contained herein shall prohibit or restrict the leasing or use of such place of assemblage as defined herein by any organization or club enumerated in subdivision seven hereof.”
Therefore, the elements to the offense are (1) that a defendant has a proprietary or pecuniary interest in the subject premises at which alcoholic beverages are being sold or consumed, (2) that the premises have an assemblage capacity of 20 or more people and (3) that the premises are not licensed (see People v Nunez, 29 Misc 3d 1050 [Crim Ct, NY County 2010]).
It is alleged that deponent observed defendant’s New York State driver’s license that showed defendant’s address as the subject premises. This factual allegation establishes that defendant resides at the subject premises. It is reasonably inferable that defendant has a proprietary interest in the location. Defendant stated that she was selling beers for three dollars each at the bar located on the premises.
The accusatory instrument sufficiently establishes the premises’ assemblage capacity of at least 20 people. While there are no specific allegations as to the physical dimensions of the premises, the factual allegations describing the immediate area allow an inference that the location was able to accommodate 20 people. In addition to the converted garage or canopy, informant observed a bar, DJ booth and a dance floor. Taken together, these allegations are enough to infer that the entire location met the minimum assemblage capacity.
Finally, the accusatory instrument sufficiently alleges that the premises were in fact not licensed to operate as a bottle club. Deponent alleges that informant did not observe a New York State liquor license posted on the premises. Alcoholic Beverage Control Law § 114 (6) provides that liquor licenses *831 “shall be posted up and at all times displayed in a conspicuous place in the room where such business is carried on, so that all persons visiting such place may readily see the same.” Since lawfully licensed premises must conspicuously display said licenses, deponent’s allegation that informant did not observe any license sufficiently establishes this element. Defendant’s reliance on People v Rodriguez (140 Misc 2d 1 [Crim Ct, NY County 1988]) is misplaced. It is true that the People must show that the subject premises were unlicensed to serve alcohol. That task, however, may be accomplished by either factual allegations by a deponent/informant that he did not observe a displayed license, or a supporting deposition from the New York State Liquor Authority indicating that no liquor license was issued for the premises in question.
The accusatory instrument is facially sufficient as to the charge of Alcoholic Beverage Control Law § 64-b. The factual allegations provide reasonable cause to believe that defendant committed the charged offense.
Warehouse Permit
Alcoholic Beverage Control Law § 96 (1) (a) states that
“[n]o alcoholic beverage shall be stored or kept in or upon any premises which shall not be duly licensed as provided for in this chapter, provided, however, that the liquor authority may issue a permit in such form as prescribed by its rules, for the storage of alcoholic beverages in other than licensed premises, except that no such permit shall be issued to any person licensed pursuant to the provisions of section fifty-four or fifty-four-a of this article, nor shall any such person licensed pursuant to the provisions of section fifty-four or fifty-four-a of this article store or cause to be stored any alcoholic beverages in other than its licensed premises.”
Storing and keeping alcohol requires a showing beyond mere possession for the purposes of sale (People v Chavez-Zuniga, 48 Misc 3d 91 [App Term, 1st Dept 2015]). There is no question that there are sufficient allegations that defendant possessed and sold alcohol. Informant observed more than a dozen bottles of liquor and empty beer bottles throughout the premises. Furthermore, defendant stated that she was working the bar and selling beers for three dollars. However, the factual allegations do not establish conduct beyond mere possession *832 and sale of alcohol. The prohibition on unlicensed storing and keeping of alcohol applies to warehousing and sales activities between retailers (see id.). There are no allegations that defendant stored or kept any of the alcohol on the premises for purposes of selling to another retailer of alcohol.
The information is facially insufficient as to Alcoholic Beverage Control Law § 96. The factual allegations do not show that defendant stored or kept alcohol within the meaning of the statute.
Severance
Defendant moves to sever her case from codefendant. She argues that codefendant made oral statements inculpating her for the charged offenses and that prosecuting her with codefendant in a single trial will cause her undue prejudice should codefendant’s statement be introduced at trial (defendant’s affirmation ¶ 20).
Both defendants are properly charged in a single accusatory instrument. They are jointly charged with every offense contained in the information (see CPL 200.40 [1] [a]). There is a strong preference for joinder because “it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses” (People v Mahboubian, 74 NY2d 174, 183 [1989]).
In a joint trial, admission of a non-testifying codefendant’s extrajudicial statement that inculpates a defendant for the charged offenses violates the Confrontation Clause of the Sixth Amendment (Bruton v United States, 391 US 123 [1968]). However, only facially incriminating statements trigger the rule set forth in Bruton. Statements made incriminating upon linkage with evidence, later introduced at trial, may still be admissible at trial if coupled with appropriate redactions and limiting instructions (Richardson v Marsh, 481 US 200 [1987]; People v Arroyo, 209 AD2d 328 [1st Dept 1994]; People v Davis, 199 AD2d 61 [1st Dept 1993]).
In the instant matter, codefendant is alleged to have stated to police “go inside and do what you need to do . . . She’s running the whole show” (complaint at 1). While the statement does not directly name defendant as the female who was in charge of the alleged bottle club, that is the only conclusion to be drawn from the statement because defendant is the only other person present at the time and place of the incident and charged for the offenses (cf. People v Adams, 225 AD2d 506 [1st Dept 1996]).
*833 When faced with a Bruton issue a court may proceed by “(1) deleting references to the codefendant in the statement, (2) seeking the consent of the People to a joint trial without the evidence or (3) ordering separate trials” (People v Ricardo B., 73 NY2d 228, 234 [1989]).
At this time, this court does not know if the People intend to introduce the inculpatory statement. In light of the uncertainty, this court respectfully defers ruling on defendant’s motion for severance to the trial judge. Should the People actually seek to introduce codefendant George’s incriminating statement, the trial judge will be in the best position to assess the likelihood and scope of any Bruton issues.
Suppression of Statements
Defendant’s request for a Huntley /Dunaway hearing is granted.
Prior Convictions and Bad Acts
A Sandoval/Ventimiglia hearing is granted and referred to the trial judge.
Additional Pretrial Motions
Defendant’s application for extension of time to file additional motions or to renew is denied subject to CPL 255.20 (3) for further leave upon good cause shown.
Defendant’s motion to dismiss for facial insufficiency is granted as to Alcoholic Beverage Control Law § 96 and denied as to Alcoholic Beverage Control Law § 64-b. Defendant’s motion to sever is referred to the trial judge.